# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

Cathy Cannon
*Plaintiff*

v.

Midland Credit Management, Inc.
*Defendant*
Serve:
Corporation Service Company
2900 SW Wanamaker Dr.
Suite 204
Topeka, KS 66614

Midland Funding, LLC
*Defendant*
Serve:
CSC-Lawyer's Incorporating
Service Company
421 W. Main
Frankfort, KY 40601

Case No. 3:15-cv-793-GNS

## CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

## INTRODUCTION

1. This is an action by a consumer seeking damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant Midland Credit Management, Inc.'s violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Midland Credit Management, Inc. ("MCM") sent Ms. Cannon a letter in an attempt to collect a debt originated by Citibank, N.A. as a Sears-branded credit card. This letter was unpleasant surprise for Ms. Cannon. MCM sent the dunning letter on behalf of Midland Funding,

LLC ("Midland"). Midland had sued her husband over exact same debt some two years before. Ms. Cannon rightfully believed that resolution of the lawsuit between Midland and her husband got Midland out of her life for good.

3. The last payment she or her husband had made on the Sears credit card debt was in May of 2010. Ms. Cannon did not understand why MCM had sent her this dunning letter.

4. MCM's letter did not state **(1)** that Kentucky's five-year statute of limitations had run on the Sears credit card debt, or **(2)** that payment on the debt could possibly restart the statute of limitations running on the debt.

5. These and other acts by MCM violate the FDCPA.

**JURISDICTION**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and the FDCPA, 15 U.S.C. §1692k(d).

**PARTIES**

7. Plaintiff Cathy Cannon is a natural person who resides in Jefferson County, Ky. Ms. Cannon a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

8. Defendant Midland Credit Management, Inc. is a Kansas for-profit corporation, which is not registered with the Kentucky Secretary of State, and is engaged in the business of collecting debts on behalf of other legal entities, including Midland Funding, LLC. MCM's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

9. MCM is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

10. Defendant Midland Funding, LLC is a Delaware limited liability company, which has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing

debt from creditors and collecting these debts in this state. Midland's principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

11. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTS**

12. Like many of her fellow Americans, Ms. Cannon was hard hit financially by the Great Recession that began in 2008, and which still has ripple effects on our economy and well being.

13. As result of the economic down turn, Ms. Cannon fell behind on some of her debts, and unfortunately defaulted on some of her debts when she was faced with the stark choice of paying for basic necessities or paying her debts.

14. One of the debts she defaulted on was a Sears-branded credit card issued by Citibank, N.A.

15. Ms. Cannon last made a payment on the Sears credit card account in May 2010.

16. The statute of limitations for collection of credit card debt in Kentucky is five years under KRS 413.120. *Conway v. Portfolio Recovery Assocs., LLC*, 13 F. Supp. 3d 711, 722 (E.D. Ky. 2014); *Fulk v. LVNV Funding LLC*, 55 F. Supp. 3d 967 (E.D. Ky. 2014).

17. In a letter dated August 4, 2015, MCM sent Ms. Cannon a dunning letter in attempt to collect the Sears credit card debt.

18. MCM's August 4th dunning letter, "congratulated" Ms. Cannon on her pre-approval "for a discount program designed to save [her] money."

19. MCM's August 4th dunning letter stated that $1,150.76 was the current balance due on the debt and that Midland Funding, LLC was the current creditor on the debt.

20. Further, the dunning letter gave her three payment options:

- One: a single payment of $1,035.68, which the letter claims was "10% off."
- Two: six monthly payments of $182.20, which the letter claims was "5% off."
- Three: monthly payments as low as $50.00 per month.

21. MCM's August 4th dunning letter did not inform Ms. Cannon that the statute of limitations on the collection of the debt had already run.

22. MCM's August 4th dunning letter did not inform Ms. Cannon that, should she make payments under either Option Two or Option Three, those payments could re-start the statute of limitations on the debt under Kentucky law.

23. Because MCM's August 4th dunning letter did not disclose that the statute of limitations had run and that any payment could be deemed to re-start the statute of limitations, the letter created the false impression and fear in Ms. Cannon's mind that MCM and/or Midland could legally enforce the Sears credit card debt against her.

24. Ms. Cannon had a factual basis believing that MCM and/or Midland would sue her over the Sears credit card debt since Midland had previously sued her husband over the same debt some two years earlier.

25. Ms. Cannon's husband filed a counterclaim against Midland in the lawsuit Midland filed against him and was able to reach a satisfactory settlement agreement with Midland whereby the parties entered into a mutual dismissal of their claims, with prejudice.

26. Ms. Cannon and her husband used the Citibank Sears-branded credit card solely for personal, family, and/or household purposes, which makes the Citibank Sears-branded credit card a "debt" within the meaning of the FDCPA.

## CLASS ALLEGATIONS

26. Plaintiff Cathy Cannon brings this action individually and as a class action on

behalf of all persons in the Commonwealth of Kentucky similarly situated.

27. These persons comprise the following:

**Class:** All Kentucky citizens against whom Defendant Midland Credit Management, Inc. ("MCM") or its agents, employees, or representatives, within one year of the date of filing this complaint:

**(1)** sent a dunning letter on behalf of Defendant Midland Funding, LLC offering to settle a debt for which the statute of limitations had lapsed, and

(a) did not advise the consumer that the statute of limitations had run and the consumer could not be sued to collect the debt; and

(b) did not advise the consumer that a payment made on the debt could restart the statute of limitations.

28. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded to Plaintiff and all members of the Class for MCM's violations of the FDCPA.

29. The Class as set out *supra* and so represented by Plaintiff Cathy Cannon in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

30. Plaintiff's claims are typical of the claims of each of the Classes as set out *supra*.

31. There are common questions of law and fact for each of the Classes in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all members of the Class have the same issue of law in common: whether MCM's practice of sending collection letters in an attempt to collect time-barred debts

that do not advise the consumer that the statute of limitations on the debts have expired violates the FDCPA.

32. There is no known conflict between Plaintiff and any other members of the Class with respect to this action, or with respect to the claims for relief herein set forth.

33. Plaintiff is the representative party for the Class and is able to, and will, fairly and adequately protect the interest of each of the Class.

34. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

35. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

36. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members of the Class creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

37. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the Class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

38. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the Class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the Class will be effective and appropriate for the entire Class; and all members of the Class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

39. The identity of each individual member of the Class can be ascertained from the books and records maintained by Defendant.

40. Because many of the persons who comprise the Class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## INDIVIDUAL ALLEGATIONS

36. Midland Funding, LLC sued Ms. Cannon's husband, Mark Cannon, to collect the same Sears credit card debt at issue in this case.

37. Mr. Cannon filed an answer and counterclaim in the case.

38. Mr. Cannon and Midland Funding, LLC settled their claims and filed a joint dismissal with prejudice.

39. MCM and Midland intentionally sent a dunning letter to Ms. Cannon seeking payment for the Sears account debt knowing that such debt was in legally time barred by the applicable statute of limitations which intentional act created fear and great emotional distress and upset in Ms. Cannon.

40. Ms. Cannon was afraid that MCM and Midland, in sending her the dunning letter for the Sears account debt, were seeking retribution against her in retaliation for her husband fighting back against Midland in their lawsuit against him.

41. Ms. Cannon genuinely feared that MCM and/or Midland would sue her like it had sued her husband and the dunning letter thereby caused Ms. Cannon to suffer emotional distress and fear.

42. Ms. Cannon is entitled to recover damages for intentional infliction of emotional distress by MCM for its intentional acts in sending Ms. Cannon the misleading dunning letter for the Sears account debt in MCM's attempt to collect the Sears credit card debt.

**CLAIMS FOR RELIEF**

**Violations of the Fair Debt Collection Practices Act**

43. The above-described actions by Midland Credit Management, Inc. and/or Midland Funding, LLC constitute violations of the Fair Debt Collection Practices Act.

44. Defendant Midland Credit Management, Inc.'s and Midland Funding, LLC's violations of the FDCPA include, but are not limited to, the following:

> MCM violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f and/or one or more subsections of each statute by sending Ms. Cannon a misleading settlement letter on behalf of Midland for purposes of collecting a debt on Midland's behalf. The letter was misleading because it failed to advise her that **(i)** the statute of limitations had lapsed on the Sears credit card debt at issue, **(ii)** neither MCM nor Midland would sue her to collect the debt, and **(iii)** making a payment on the debt might re-start the statute of limitations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cathy Cannon requests the Court grant her relief as follows:

a. Award the maximum amount of statutory damages for each member of the Class provided under 15 U.S.C. §1692k;

b. Award Plaintiff actual damages for the fear and upset caused by MCM's misleading dunning letter;

c. Attorney's fees, litigation expenses and costs;

d. Actual money damages;

e. A trial by jury; and

f. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson

**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com